**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **STEEL CITY ENTERPRISES, INC.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**NURICH ACCOUNTING, LLC, d/b/a NURICH, and JAMES BOSWELL, individually and d/b/a NUFIT,**<br><br>**Defendants.** | **Case No.: ______________**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Steel City Enterprises, Inc. ("Steel City"), by and through its undersigned counsel, for its Complaint against Defendants NuRich Accounting, LLC, doing business as "NuRich" ("NuRich"), and James Boswell, individually and doing business as "NuFit" ("Boswell") (together, "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action for trademark infringement, false designation of origin, and unfair competition under the Lanham Act, 15 U.S.C. § 1125(a); for deceptive trade practices under the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.*; for trademark infringement and unfair competition under Illinois common law; and for infringement of United States Design Patent No. D977,973 under the Patent Act, 35 U.S.C. §§ 271, 281, and 283 through 289.

2. Steel City makes and sells THE JUG PLUG, a reusable, no-spill silicone plug for 3- and 5-gallon water jugs, under its JUG PLUG trademark. The design of THE JUG PLUG is protected by U.S. Design Patent No. D977,973.

3. Defendants sell a knockoff of THE JUG PLUG that copies Steel City's patented design, and they sell that knockoff under Steel City's own product name. On the NuRich website, Defendants call the product the "NuRich Jug Plug." On Amazon.com, Defendants sell the same product through Boswell's "NuFit" seller account under Amazon Standard Identification Number ("ASIN") B0B355XKXJ (the "Accused Product"). Defendants have sold and shipped the Accused Product to consumers in this District.

## THE PARTIES

4. Plaintiff Steel City Enterprises, Inc. is a Pennsylvania corporation with its principal place of business at 9 Maple Lane, Pittsburgh, Pennsylvania 15202.

5. Upon information and belief, Defendant NuRich Accounting, LLC is a Georgia limited liability company that does business as "NuRich" and maintains a mailing address at P.O. Box 723132, Atlanta, Georgia 31139. Upon information and belief, NuRich owns U.S. Trademark Registration No. 5,696,898 for the mark NURICH for "non-metal caps for bottles; plastic lids," operates the website www.livenurich.com, and owns the NuRich brand under which the Accused Product is marketed and packaged.

6. Defendant James Boswell is an individual who, upon information and belief, resides in Monroe, Georgia. Boswell operates the Amazon.com seller account "NuFit," which Amazon identifies by the business name "james boswell" and the business address 3016 Sweetwater Trail, Monroe, Georgia 30656. A copy of Amazon's Detailed Seller Information for the NuFit account is attached as Exhibit I. Boswell, through the NuFit account, sold the Accused Product to the Illinois consumer described below.

7. Upon information and belief, Boswell is a member, manager, or principal of NuRich and directs and controls its activities, including the selection, branding, advertising, and

sale of the Accused Product. Defendants act in concert with one another: the Accused Product is marketed under the NuRich brand, packaged in NuRich-branded packaging, promoted on Amazon.com through the "NuRich Store," and sold and shipped through Boswell's NuFit account. Boswell personally participated in, authorized, and directed the infringing conduct alleged in this Complaint and is personally liable for it. Each Defendant is jointly and severally liable for the conduct alleged.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over Counts I and IV under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a). This Court has jurisdiction over Counts II and III under 28 U.S.C. § 1338(b), because they are claims of unfair competition joined with substantial and related claims under the trademark and patent laws, and under 28 U.S.C. § 1367(a), because they form part of the same case or controversy as the federal claims.

9. This Court has personal jurisdiction over each Defendant because Defendants have purposefully directed their infringing conduct at Illinois and this District. Defendants offer the Accused Product for sale through Amazon.com and the interactive NuRich website, both of which accept orders from, and ship to, Illinois residents. On October 2, 2026, an order for the Accused Product was placed through Defendants' Amazon.com listing for delivery to Vernon Hills, Illinois, within this District (Amazon Order No. 114-9277274-7765860). The order was fulfilled, and the Accused Product, sold by Boswell through the "NuFit" account and packaged in a NuRich-branded pouch, was delivered to that Vernon Hills, Illinois address on October 3, 2026. Steel City's claims arise out of and relate to Defendants' sales and offers for sale to Illinois consumers. *See NBA Props., Inc. v. HANWJH*, 46 F.4th 614 (7th Cir. 2022).

10. Venue is proper in this District for Steel City's trademark and unfair competition

claims (Counts I through III) under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to those claims occurred in this District, including Defendants' advertising of the Accused Product to Illinois consumers under Steel City's mark, and Defendants' sale and delivery of the Accused Product to a consumer in this District, where the resulting confusion and injury occur.

## STEEL CITY AND THE JUG PLUG MARK

11. Brendan Kutcher, Steel City's founder and President, created THE JUG PLUG after finding that existing caps for 5-gallon water jugs leaked and failed. Steel City sells THE JUG PLUG nationwide through Amazon.com, including under ASIN B09KDZFG17, and through its website at www.jugplug.com.

12. Since at least as early as October 21, 2021, Steel City has continuously used the trademark THE JUG PLUG, and its shortened form JUG PLUG (together, the "JUG PLUG Mark"), in interstate commerce in connection with reusable silicone caps and plugs for water jugs. Steel City displays the JUG PLUG Mark on its products, its packaging, its Amazon.com listings, and its website, where it promotes THE JUG PLUG as "The Original Jug Plug." A representative example of Steel City's use of the JUG PLUG Mark is attached as Exhibit B.

13. Steel City also owns U.S. Trademark Registration No. 7,682,505, issued on the Principal Register on February 4, 2025, for THE JUG PLUG in stylized form with a design of a water jug, for "[n]on-metal caps for beverage containers; reusable silicone caps for beverage containers; silicone press caps for beverage containers" in International Class 20. A true and correct copy of the USPTO record for the registration is attached as Exhibit A. The registration evidences Steel City's ownership of the stylized mark. Steel City's rights in the words JUG PLUG, which the registration does not claim apart from the mark as shown, arise from Steel City's use of

those words as the name of its product.

14. Through Steel City's continuous and substantially exclusive use of the JUG PLUG Mark since 2021, sales of more than 400,000 units, more than 3,200 customer reviews on Amazon.com, and promotion of the mark on Amazon.com and elsewhere, the JUG PLUG Mark acquired distinctiveness and secondary meaning before Defendants' first use of it. Consumers of water jug caps associate the name JUG PLUG with Steel City as the single source of THE JUG PLUG products.

15. Steel City created and owns the photographs and video content that it uses to depict and promote THE JUG PLUG on Amazon.com and its website (the "Steel City Images").

**THE '973 PATENT**

16. On February 14, 2023, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Design Patent No. D977,973 (the "'973 Patent"), entitled "Container Plug," from Application No. 29/825,986, filed February 8, 2022. The '973 Patent names Brendan Kutcher as inventor and claims "[t]he ornamental design for a container plug, as shown and described." A true and correct copy of the '973 Patent is attached as Exhibit G.

17. By an assignment executed March 22, 2023, and recorded with the USPTO on March 22, 2023 at Reel 063065, Frame 0166, Mr. Kutcher assigned to Steel City all right, title, and interest in and to Application No. 29/825,986 and any patent issuing from it. Steel City is the owner of the '973 Patent, including the right to sue for and recover all past, present, and future damages for its infringement. A true and correct copy of the recorded assignment is attached as Exhibit H.

18. The '973 Patent is valid, enforceable, and presumed valid under 35 U.S.C. § 282. During examination, the USPTO considered Defendants' own Amazon.com listing for ASIN

B0B355XKXJ, which is cited on the face of the '973 Patent, and issued the patent over it.

19. THE JUG PLUG embodies the design claimed in the '973 Patent. Steel City has complied with the marking requirements of 35 U.S.C. § 287(a) by marking its packaging with the '973 Patent number.

## DEFENDANT'S INFRINGING CONDUCT

20. Defendants advertise and sell the Accused Product on Amazon.com under ASIN B0B355XKXJ as a "5 Gallon Water Jug Cap | Reusable No Spill Lids for Plastic Bottles | Silicone Non-Spilling Replacement Cap | 55mm Bottles | Pack of 3," for $12.99 per three-pack. The listing invites consumers to "Visit the NuRich Store" and identifies the seller as "NuFit," Boswell's seller account. Screenshots of Defendants' Amazon.com listing and the October 2, 2026 order confirmation are attached as Exhibit C. Photographs of the Accused Product as received are attached as Exhibit D.

21. On the NuRich website, Defendants sell the same product, at the same $12.99 price, under the name "NuRich Jug Plug," which appears as the product title at the top of the page. The product page describes the product as "[t]he NuRich Jug Plug," labels every product image "NuRich Jug Plug," and tells consumers that the product is "[r]ated 4.5 stars by 240+ Amazon customers," tying the website product to the Amazon.com listing. Screenshots of Defendants' product page, captured October 8, 2026, are attached as Exhibit E.

22. The Accused Product is a silicone plug for 55 mm water-jug openings that closely imitates the appearance of THE JUG PLUG. Defendants sell it to the same consumers, through the same online channels, at a similar price, and for the same purpose as Steel City sells THE JUG PLUG.

23. Defendants use the JUG PLUG Mark as the name of their competing product

without Steel City's authorization. Defendants do not use "jug plug" to describe a type of product; they use "Jug Plug" as a proper name, capitalized and paired with the NuRich brand, exactly as Steel City uses it.

24. Defendants also use Steel City's own product images to sell the Accused Product. Defendants' Amazon.com listing for the Accused Product includes a copy of Steel City's "NO DRIPS OR LEAKS!" image that is identical in its photographs, layout, and text, down to the same misspelling ("it's side"), except that the JUG PLUG name has been removed from the caps it depicts. The listing also includes an "EASY TO INSTALL & EASY TO REMOVE" image that reproduces the layout, wording, arrows, and color scheme of Steel City's image of the same name, and a "DO YOUR PART AND CUT DOWN ON PLASTIC WASTE" image that repeats Steel City's headline. Side-by-side comparisons are attached as Exhibit J. Steel City published these images in its Amazon.com listing for THE JUG PLUG beginning on or about 2022, before Defendants first used them.

25. Defendants' use of the JUG PLUG Mark is likely to cause confusion, mistake, and deception as to the source, sponsorship, or approval of the Accused Product, and causes consumers to believe that the Accused Product is Steel City's product or is affiliated with or approved by Steel City.

26. Defendants had actual knowledge of Steel City and THE JUG PLUG. Defendants' Amazon.com listing competes directly with Steel City's listing for the same product category, and Defendants chose to name their product after Steel City's. Upon information and belief, Defendants adopted the JUG PLUG Mark deliberately, with knowledge of Steel City's prior rights and with the intent to trade on Steel City's goodwill.

27. The Accused Product also embodies the design claimed in the '973 Patent. In the

eye of an ordinary observer familiar with the prior art, giving such attention as a purchaser usually gives, the design of the Accused Product is substantially the same as the design claimed in the ’973 Patent, such that the resemblance is such as to deceive the observer, inducing the observer to purchase the Accused Product supposing it to be the patented design. Representative comparisons appear below, and a figure-by-figure comparison of the ’973 Patent and the Accused Product is attached as Exhibit F.

| **’973 Patent** | **Accused Product (ASIN B0B355XKXJ)** |
|---|---|
|  FIG. 2 Fig. 2 (bottom perspective view) |  Photograph of Accused Product |
|  FIG. 5 Fig. 5 (front elevation view) |  Photograph of Accused Product |

28. No Defendant has ever been licensed or otherwise authorized by Steel City to use the JUG PLUG Mark or the Steel City Images, or to practice the ’973 Patent.

29. Defendants’ conduct has caused and continues to cause Steel City lost sales, price erosion, and loss of goodwill and of control over its reputation, including when consumers attribute any defects in the Accused Product to Steel City. Steel City is entitled to a rebuttable presumption

of irreparable harm under 15 U.S.C. § 1116(a), and will continue to suffer irreparable harm unless Defendants are enjoined.

**COUNT I**
**(Trademark Infringement, False Designation of Origin, and Unfair Competition (15 U.S.C. § 1125(a)))**

30. Steel City repeats and incorporates by reference the allegations of paragraphs 1 through 29 as if fully set forth herein.

31. Steel City owns protectable rights in the JUG PLUG Mark, which it used in commerce, and which acquired secondary meaning, before Defendants' first use.

32. Defendants' use in commerce of the JUG PLUG Mark and the Steel City Images in connection with the Accused Product constitutes a false designation of origin and a false or misleading description and representation of fact that is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Steel City, and as to the origin, sponsorship, or approval of the Accused Product, in violation of 15 U.S.C. § 1125(a)(1)(A).

33. By using images and video of Steel City's genuine product to advertise and sell their own product, Defendants also misrepresent the nature, characteristics, and qualities of the Accused Product in commercial advertising and promotion, in violation of 15 U.S.C. § 1125(a)(1)(B).

34. Defendants' conduct has been knowing, deliberate, and willful.

35. Steel City has been and will continue to be damaged by Defendants' conduct, including through diverted sales and injury to its goodwill and reputation, and is entitled to injunctive relief under 15 U.S.C. § 1116 and to recover Defendants' profits, Steel City's damages, and costs under 15 U.S.C. § 1117(a), with enhanced damages and attorneys' fees.

**COUNT II**
**(Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510/2))**

36. Steel City repeats and incorporates by reference the allegations of paragraphs 1 through 29 as if fully set forth herein.

37. Defendants' conduct described above constitutes deceptive trade practices in the course of their business in violation of 815 ILCS 510/2(a), including by (1) passing off their goods as those of Steel City; (2) causing likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of their goods; (3) causing likelihood of confusion or misunderstanding as to affiliation, connection, or association with Steel City; and (4) representing that their goods have sponsorship, approval, or characteristics that they do not have.

38. Defendants willfully engaged in these deceptive trade practices.

39. Steel City is likely to be damaged by Defendants' deceptive trade practices and is entitled to injunctive relief and, because Defendants' conduct was willful, its costs and attorneys' fees under 815 ILCS 510/3.

**COUNT III**
**(Common Law Trademark Infringement and Unfair Competition)**

40. Steel City repeats and incorporates by reference the allegations of paragraphs 1 through 29 as if fully set forth herein.

41. Steel City owns valid and enforceable common-law rights in the JUG PLUG Mark, which it used in commerce before Defendants' first use.

42. Defendants' unauthorized use of the JUG PLUG Mark and the Steel City Images is likely to cause confusion as to the source, sponsorship, or approval of the Accused Product, and constitutes trademark infringement, passing off, and unfair competition under Illinois common law.

43. Defendants' conduct was willful, wanton, and in conscious disregard of Steel City's rights, entitling Steel City to injunctive relief, compensatory damages, and punitive damages in an amount to be determined at trial.

**COUNT IV**
**(Infringement of U.S. Design Patent No. D977,973)**

44. Steel City repeats and incorporates by reference the allegations of paragraphs 1 through 29 as if fully set forth herein.

45. Defendants have directly infringed and continue to directly infringe the '973 Patent under 35 U.S.C. § 271(a) by making, using, offering for sale, selling, and/or importing into the United States, without authority, the Accused Product, which embodies the design claimed in the '973 Patent or a colorable imitation thereof.

46. Defendants have applied the patented design of the '973 Patent, or a colorable imitation thereof, to articles of manufacture for the purpose of sale, and have sold and exposed for sale articles to which such design or colorable imitation has been applied, in violation of 35 U.S.C. § 289.

47. Defendants' infringement of the '973 Patent has been and continues to be willful, deliberate, and in disregard of Steel City's rights.

48. Steel City is entitled to recover Defendants' total profits from their infringement under 35 U.S.C. § 289 or, alternatively, damages adequate to compensate for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty, together with interest and costs.

49. Defendants' infringement has caused and will continue to cause Steel City irreparable harm for which there is no adequate remedy at law. Steel City is entitled to injunctive relief under 35 U.S.C. § 283.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Steel City Enterprises, Inc. respectfully requests that the Court enter judgment in its favor and against Defendants, jointly and severally, and grant the following relief:

(a) A judgment that Defendants have engaged in trademark infringement, false designation of origin, and unfair competition in violation of 15 U.S.C. § 1125(a); engaged in deceptive trade practices in violation of 815 ILCS 510/2; committed trademark infringement and unfair competition under Illinois common law; and infringed the ’973 Patent under 35 U.S.C. § 271(a);

(b) A judgment that Defendants’ conduct has been willful;

(c) Preliminary and permanent injunctive relief under 15 U.S.C. § 1116, 35 U.S.C. § 283, and 815 ILCS 510/3 enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with any of them, from (i) using the JUG PLUG Mark, or any confusingly similar mark, in connection with any product not made or authorized by Steel City, including in any product name, title, description, image label, keyword, search term, or advertisement; (ii) using the Steel City Images or any other image or video of Steel City’s products; (iii) making, using, offering for sale, selling, or importing into the United States the Accused Product or any other product that infringes the ’973 Patent; and (iv) otherwise representing that their products are Steel City’s products or are affiliated with or approved by Steel City;

(d) An order directing Defendants to remove all listings of the Accused Product, and all uses of the JUG PLUG Mark and the Steel City Images, from

www.livenurich.com, Amazon.com, and every other website and online marketplace they control;

(e) An order under 15 U.S.C. § 1116(a) directing Defendants to file with the Court and serve on Steel City, within thirty days after entry of the injunction, a written report under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

(f) An order under 15 U.S.C. § 1118 directing Defendants to deliver up for destruction all labels, packaging, advertising, and promotional materials bearing the JUG PLUG Mark or the Steel City Images;

(g) An award of Defendants' profits, Steel City's damages, and costs under 15 U.S.C. § 1117(a), with damages trebled and profits enhanced as the Court finds just;

(h) An award of Defendants' total profits from their infringement of the '973 Patent under 35 U.S.C. § 289 or, at Steel City's election, damages adequate to compensate for the infringement, in no event less than a reasonable royalty, under 35 U.S.C. § 284, enhanced up to three times for willful infringement;

(i) Compensatory and punitive damages under Illinois common law;

(j) A finding that this case is exceptional and an award of Steel City's reasonable attorneys' fees under 15 U.S.C. § 1117(a), 35 U.S.C. § 285, and 815 ILCS 510/3;

(k) An award of pre-judgment and post-judgment interest and costs; and

(l) Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Steel City demands a trial by jury on all issues so triable.

Dated: October 10, 2026

Respectfully submitted,

/s/ Nicholas S. Lee
Nicholas S. Lee
332 S. Michigan Ave., Suite 900
Chicago, IL 60604
(224) 360-3293
nslee@nslegal-ip.com

*Counsel for Plaintiff Steel City Enterprises, Inc.*